UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE SULLENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV670HEA |
| | ) |
| ANDREW M. SAUL | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court, pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), authorizing judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's Title II application for Disability Insurance Benefits, and Supplemental Security Income under Title XVI. For the reasons discussed below, the Commissioner's decision is affirmed.

Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act (Act), and for Supplemental Security Income under Title XVI. In a decision dated May 11, 2016 Plaintiff was notified that medical improvement had been made and her benefits would terminate. On May 24, 2016, Plaintiff filed a Request for Reconsideration–Disability Cessation. On October 26, 2016, Defendant

issued its Notice of Reconsideration upholding the previous decision. On November 7, 2016, Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ). After a hearing, the ALJ issued an unfavorable decision dated June 27, 2017. On August 18, 2017, Plaintiff filed a Request for Review of Hearing Decision/Order with the Appeals Council. Finally on March 1, 2018, the Appeals Council denied Plaintiff's request for review. Thus, the decision of Appeals Council stands as the final decision.

The hearing by the ALJ, which is the subject of this review, occurred on April 21, 2017. The hearing was conducted by ALJ Robert G. O'Blennis. Plaintiff appeared in person and with counsel. Also in appearance was Delores Elgar Gonzalez, a Vocational Expert.

Plaintiff was born on September 11, 1971. She was 45 years old on the date of the hearing. As of the date of the hearing Plaintiff resided with her boyfriend and his 9 year old son.

Plaintiff testified that she suffers from considerable nerve pain and discomfort in her legs and diabetes. Plaintiff also talked about experiencing neuropathy in her feet. She testified that the medications help but not significantly and that what seems to be beneficial is having her feet in warm water. She noted that at some point she experienced pain in both legs from the waist down. Plaintiff appeared with a long list of medications including gabapentin, oxycodone,

Percocet, ondansetron (Zofran), Vitamin D, Buspar, ropinirole, atorvastatin, Flexeril, Toprol XL, Effexor XR, Demadex, potassium chloride, nitroglycerin, Dovonex, Reglan, Cardizem CZ, Prilisec, Cozaar, and Macrobid. She notes she is now physically disabled. Plaintiff asserted she was disabled due to physical limitations.

She testified she can only lift about ten pounds. As to her level of activity she stated she needs to sit down about every hour, but is most comfortable while lying on her side. She suggested that has caused bursitis in her hips. As a consequence it alleviates the pain in her back but causes discomfort in her hips.

Next, the Vocational Expert, Delores Elgar, testified without objection. Elgar testified as to the past work of Plaintiff based upon a review of the records. Elgar noted that a floral designer was light skilled and a floral salesperson was light, semi-skilled. Elgar then testified as to a proper hypothetical which assumed the past work of Plaintiff with specific limitations of: only lifting ten pounds occasionally and frequently; can stand and/or walk about two out of eight hours and sit six out of eight with normal breaks; could occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds; never work at unprotected/ dangerous height or around unprotected or dangerous machinery; avoid jobs involving whole body vibration; avoid ambulating on unimproved terrain; and could occasionally stoop, crawl, kneel, and crouch; avoid concentrated exposure to

extreme cold. Upon further inquiry the ALJ added an additional limitation of simple repetitive work that did not require close interaction with the public. The vocational expert observed there were a number of jobs in the economy for that skill level of sedentary unskilled.

The ALJ added an additional limitation that the individual may have a medical condition that might require the person to miss work two or more days per month or could show up for work but at least once a week would have to show up late. The vocational expert then noted that all competitive jobs would be obviated. These conclusions and opinions by Delores Elgar Gonzalez were noted in the record as consistent with the DOT.

Accordingly, the ALJ held, on June 27, 2017, that Plaintiff's disability ended on May 10, 2016 and has not become disabled again. Since that date the Plaintiff has not had an impairment, or combination of impairments, which met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, appendix 1. Consequently, the ALJ found that Plaintiff was not disabled.

On August 1, 2018, the Social Security Appeals Council denied Plaintiff's request for review. Plaintiff has exhausted her administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner subject to judicial review.

## Statement of the Issues

Generally the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issues here are whether the ALJ properly evaluated the record, whether the ALJ properly formulated Plaintiff's RFC, and whether the ALJ properly relied on vocational-expert testimony regarding available jobs Plaintiff could perform. As explained below, the Court has considered the entirety of the record in this matter. The court concludes the decision of the Commissioner is supported by substantial evidence and will be affirmed.

## Standard for Determining Disability

The applicable standard of review is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). Substantial evidence is less than preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See id.*

The Court must consider evidence that both supports and detracts from the Commissioner's decision but cannot reverse the decision because substantial evidence also exists in the record that would have supported a contrary outcome, or

because it would have decided the case differently. *See Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). If the Court finds that the evidence supports two inconsistent positions and one of those positions represents the Commissioner's findings, the Court must affirm the Commissioner's decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The Eighth Circuit has stated that "[w]e defer heavily to the findings and conclusions of the Social Security Administration." *Id.* (quoting *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010)).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

Because a claimant's "continued entitlement to [disability] benefits must be reviewed periodically," 20 C.F.R. § 404.1594(a), as in the instance of the Plaintiff,

because it would have decided the case differently. *See Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). If the Court finds that the evidence supports two inconsistent positions and one of those positions represents the Commissioner's findings, the Court must affirm the Commissioner's decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The Eighth Circuit has stated that "[w]e defer heavily to the findings and conclusions of the Social Security Administration." *Id.* (quoting *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010)).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

Because a claimant's "continued entitlement to [disability] benefits must be reviewed periodically," 20 C.F.R. § 404.1594(a), as in the instance of the Plaintiff,

an eight-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. § 404.1594(f)(1)-(8).

At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity." If so and any applicable trial work period has been completed, then he is no longer disabled. 20 C.F.R. §404.1594(f)(1). At Step Two, the ALJ determines whether the claimant has an impairment or combination of impairments which meets or medically equals the criteria of an impairment listed in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If so then the disability continues pursuant to 20 C. F.R. 404.1594(f)(2).

At Step Three, the ALJ evaluates whether medical improvement has occurred. For this purpose medical improvement is any decrease in medical severity of the impairments as established by improvement in symptoms, signs and/or laboratory findings. If there is improvement the analysis goes to set four. If not, then the analysis proceeds to step five.

At Step Four, the ALJ must assess whether medical improvement is related to the ability to work. Medical improvement is related to the ability to work if it results in an increase in the claimant's capacity to perform basic work activities. If so, then the ALJ proceeds to step six with the analysis. At Step Five, the ALJ must determine if there is an exception to medical improvement. Two groups of exceptions exist. If one of the first group exceptions applies, the analysis proceeds

to the next step. If one of the second group exceptions applies, the disability ends. If none apply, then the disability continues.

At Step Six, the ALJ must determine whether all the claimant's current impairments in combination are severe (20 CFR 404.1594(f)(6)). If all current impairments in combination do not significantly limit the claimant's ability to do basic work activities, the claimant is no longer disabled. If they do, the analysis proceeds to the next step. At Step Seven, the ALJ must assess the claimant's residual functional capacity based on the current impairments and determine if she can perform past relevant work (20 CFR 404.1594(f)(7)). If the claimant has the capacity to perform past relevant work, her disability has ended. If not, the analysis proceeds to the final step.

At Step Eight, the ALJ must determine whether other work exists that the claimant can perform, given her residual functional capacity and considering her age, education, and past work experience (20 CFR 404.1594(f)(8)). If the claimant can perform other work, she is no longer disabled. If the claimant cannot perform other work, her disability continues. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden shifting requirement of going forward with the evidence lays with the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration has the burden of providing evidence

that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience.

## Decision of the ALJ

In a decision dated June 27, 2017, the ALJ determined that Plaintiff was notdisabled under the Social Security Act. The ALJ acknowledged that the administrative framework required an eight-step, sequential process in evaluating Plaintiff's claim. At Step One the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity through the date of the decision. At Step Two, the ALJ found Plaintiff had, since May 10, 2016, the following medically determinable impairments of diabetes mellitus with severe sensory neuropathy in both lower extremities, mild coronary artery disease (CAD) with a history of LAD stenting, and obesity as her current impairments. The ALJ noted there were conditions which, were non-severe impairments, that did not significantly limit her for a continuous period. These conditions included hypertension, GERD, restless leg syndrome, low back pain cervalgia, sciatica, fibromyalgia, headaches, a small hiatal hernia, psoriasis, gastoparesis, and kidney stones. At Step Three, the ALJ found that medical improvement had occurred May 10, 2016.

At Step Four the ALJ concluded since May 10, 2016, the impairment present at the time of the CPD had decreased in medical severity to the point where the

Plaintiff has had the residual functional capacity to do a full range of work at all exertional levels. Furthermore, the ALJ concluded the Plaintiff's medical improvement is related to the ability to work because it resulted in an increase in the claimant's residual functional capacity (20 C.F.R. 404.1594(c)(3)(ii)). At Step Five, the ALJ found Plaintiff's severe impairments were: diabetes mellitus with severe sensory neuropathy in both lower extremities, mild coronary artery disease (CAD) with a history of LAD stenting, and obesity. At Step Six, the ALJ found Plaintiff had the residual functional capacity (RFC) to "perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb ramps and stairs but should avoid climbing ladders, ropes, and scaffolds. She must avoid unprotected heights, dangerous machinery, whole body vibration, ambulating on unimproved terrain, and concentrated exposure to extreme cold. She is limited to occasional stooping, crawling, crouching and kneeling." At Step Seven the ALJ found the Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb ramps and stairs but should avoid climbing ladders, ropes, and scaffolds. She must avoid unprotected heights, dangerous machinery, whole body vibration, ambulating on unimproved terrain, and concentrated exposure to extreme cold. She is limited to occasional stooping, crawling, crouching, and kneeling. Plaintiff did not have any past relevant work. At Step Eight the ALJ found there are jobs that exist in

significant numbers in the national economy the Plaintiff can perform. The ALJ finally concluded Plaintiff's disability ended on May 10, 2016 and she has not become disabled again.

## Discussion

**A. Did The ALJ Properly Evaluate the Record/Credibility of The Plaintiff?**

Plaintiff asserts that the ALJ did not properly evaluate or weigh her credibility and the record. Plaintiff alleged pain in her back, cervical, thoracic and lumbar as well as burning pain in her bilateral feet/legs and chest pain. She testified that she needed to sit down every hour and that the most comfortable position for her was laying on her side, but she had developed bursitis in both hips as a result of doing so. She also consistently reported back and neck pain to her doctors.

Plaintiff suggests there is ample support in the record of her physical conditions and circumstances which the ALJ failed to note, consider, or weigh in support of her claim. It is well-settled that in evaluating the credibility of a claimant's subjective pain complaints, the ALJ must consider the claimant's work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medications; precipitating and aggravating factors; and functional restrictions. *Kelley v. Callahan*, 133 F.3d 583, 588 (8thCir. 1998), citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8thCir. 1984). When rejecting a claimant's pain complaints, the ALJ "must make an express credibility

determination detailing reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors. *Id.*, citing *Cline v. Sullivan*,939 F.2d 560, 565 (8thCir. 1991). *See Ghant*, 930 F.2d, at 637.

Here, the objective medical evidence failed to support Plaintiff's claims; her noncompliance with suggested treatment; indications that medication was helpful, when she did comply; Plaintiff's activities of daily living; and other inconsistencies that further undermined her allegations of disabling impairment all supported, as substantial evidence, the decision of the ALJ. As to her diabetes the objective evidence in the record viewed by the ALJ, and now this court, demonstrates that during the relevant period her examinations were at least almost normal. Any examination related to her cardio-respiratory system disclosed nothing which inhibited her function. In addition, no testing supported her claims of severe headaches, cervalgia, low-back pain, thoracic pain or sciatica. Substantial evidence supported the conclusion of the ALJ in discounting Plaintiff's subjective complaints. An ALJ may properly consider such inconsistencies between a claimant's allegations and the medical record. *See, e.g., Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017). The record fully and substantially supports the finding of the ALJ. The ALJ weighed and discussed various medical reports and records.

As to opinions, there are but two and they are from physicians who evaluated Plaintiff's file and gave opinions as to her physical capacity to perform

work-related tasks. One such opinion was rendered by Dr. Mel Moore, a state agency physician. He noted Plaintiff could meet the requirements of sedentary work, and that she faced no limitations related to postural, manipulative, or environmental factors. Since this opinion was inconsistent with other objective medical evidence received after it was submitted, the ALJ properly concluded it wasn't entitled to any significant weight.

The other is that of Dr. John Jung, as noted by Defendant. Dr. Jung's opinion was partially adopted but the ALJ delineated parts that did not overstate the ability of Plaintiff relating to the ultimate RFC of Plaintiff. The analytical process utilized by the ALJ is clearly supported by substantial evidence in the record.

"[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)). Moreover, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citing *Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming RFC without medical opinion evidence)); *Stringer v. Berryhill*, 700 F. App'x 566, 567-68 (8th Cir. 2017) (citing *Hensley*). The ALJ properly credited the opinions submitted by Drs. Moore and Jung.

Plaintiff asserts that the Jung opinion is dubious for consideration and weight because it was submitted long before the end of the relevant period. As emphasized by Defendant, the opinion relates to the physical condition of Plaintiff during the benefit period now in question. The ALJ evaluated the opinion within the record as a whole. *See Hollis v. Colvin*, 2015 WL 7444632 at *2 (W.D. Mo. Nov. 23, 2015) ("Plaintiff does not provide, and the Court is not aware of, any legal authority which holds a consultant's medical opinion must be based on subsequently created medical records, or that the consultant's opinion necessarily must be discounted because it is not based on those records.")

The decision of the ALJ was buttressed upon substantial evidence on the record.

**B. Did the ALJ Properly Formulate Plaintiff's RFC and Properly Find She Was No Longer Disabled?**

It is the burden of the Plaintiff to prove her RFC, and the ALJ must determine RFC based on all relevant evidence in the record. *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016); *Andrews*, 791 F.3d at 928. The determination of a claimant's RFC at the administrative hearing level is the responsibility of an ALJ alone, and is distinct from a medical source's opinion. *Kamann*, 721 F.3d at 950.

Here, the ALJ concluded that Plaintiff could perform a range of sedentary work, with additional non-exertional limitations (Tr. 21). *See 20 C.F.R. § 404.1567(a)* (defining "sedentary work"). The ALJ found Plaintiff could

14

occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds (Tr. 21). She could only occasionally stoop, crawl, crouch, and kneel (Tr. 21). Plaintiff was further required to avoid unprotected heights, dangerous machinery, whole-body vibration, ambulating on unimproved terrain, and concentrated exposure to extreme cold (Tr. 21). This assessment was the result of careful consideration of Plaintiff's credible work-related limitations.

Review of the record indicates the ALJ fully considered the opinion of the vocational expert regarding a hypothetical person with Plaintiff's RFC. The expert explained that a hypothetical claimant with Plaintiff's work experience and RFC could perform sedentary jobs such as addresser, document preparer, and information clerk. The ALJ properly relied on this expert testimony, determining that it was consistent with the Dictionary of Occupational Titles. The ALJ concluded that Plaintiff had no past relevant work, but could do other work existing in significant numbers in the national economy.

The findings by the ALJ, in viewing the entirety of the record, are supported by substantial evidence on the record.

## Conclusion

The ALJ decision is supported by substantial evidence on the record as a whole. The ALJ's decision will not be reversed for the reasons set forth in this

Opinion, Memorandum and Order. The decision of the ALJ denying Plaintiff's claims for benefits is affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment in accordance with this Opinion, Memorandum and Order is entered this same date

Dated this 12th day of July, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE